We have one case set for orals, and we'll call that case. Case number 12-3004, People v. Doris Galloway. If both the attorneys that are going to present oral argument would step up and identify yourselves for the record. Good morning, Your Honors. Assistant State's Attorney Katrina Alexopoulos, on behalf of People. Good morning. Good morning, Your Honors. Assistant Appellate Defender Rachel Moran, on behalf of Doris Galloway. Good morning, Ms. Moran. We see you here a lot lately. Yes, we do. All right. Well, that's good. Okay. Each side will have approximately 15 minutes for the presentation. And from that, Ms. Moran, you may save out some time for rebuttal. Can I reserve about three minutes, Your Honor? Certainly. Thank you. All right. You may proceed. Good morning, Your Honors. May it please the Court. In this prosecution for misdemeanor driving on a suspended license, 624 days and 12 requests for continuance passed, between the date the complaint was filed and the date the case finally went to trial. On appeal, the parties agreed that 396 of those days and 8 of those continuances were delays attributable to the State. In order for the State to prevail, this Court would have to find that Ms. Galloway waived her speedy trial clock and reset the clock to zero on two separate occasions. Well, didn't she waive it when the bond forfeiture was entered? On the May 20, or excuse me, January 26, 2011 date, Your Honor, our contention would be that no, she cannot waive the demand that is not running. And there is, this is an issue, both of the issues in this case are issues of first impression. Okay. Well, I mean, you're trying to tell us that as long as a person shows up during that day, that's enough? Your Honor. When a case is scheduled at 9 o'clock, if they come in at 2 or 3 o'clock, that's just fine? No, that's not just fine. What that does is, I believe that speaks to the second issue, issue B in the brief, which is whether she reset the clock when she showed up late. And, no, it's not fine to show up late. Can I ask you a question? How do we define delay here? Define, delay? Yes. How do we define delay here? Your Honor, well, a delay would be anything that postpones the trial, I suppose, or I think that's an appropriate, that postpones the trial to a new date. To a new date. Yes, to a new date. It was not the date initially set. All right. But would you agree that ordinarily when somebody doesn't show up at the time a case is scheduled, that it's reasonable for the State to send their witnesses home, especially when a bond forfeiture is entered? Your Honor, I think it was reasonable for the State here at 10.50 a.m. to send its witness home. But it's important. We're not arguing that the court has to wait all day to see if the defendant shows up in order to schedule the trial. We're not arguing that there are no consequences. What we're arguing is that that's a delay attributable to the defendant, and that speaks to your question, Justice Reyes. That was Ms. Galloway's delay, and that's attributable to her, and she bears the responsibility for that, but that's not a failure to appear for a court date. Well, doesn't your interpretation ignore that there was this specific change in the statute in 2000 to address something more than simply a delay occasioned by the defendant? It doesn't ignore it, Your Honor. And why not? Because there's no legislative history on point. The State briefly made an attempt to make a legislative history argument and then conceded that there's actually the legislative history doesn't tell us much. So what we do know, and what I think Your Honor is getting to, is that the legislature did want to punish more severely defendants who do not appear at all. At all. What do you mean? You just said at all, so you're adding something. The language, let's look at that language. Let's look at the precise language that is in the statute, which says. Your Honor, it says the defendant's failure to appear for any court date set by the court operates to waive the demand. All right. So the question really is, are we doing the first issue about the ineffective assistance, or did we go into the second, which is my preference of order anyway. I'm happy to go into the second. I think that's what we're talking about now. So for any court date set by the court. So you're asking us to interpret that to mean there's no appointed hour, just a day. Your Honor, I'm asking you to interpret in accordance with the plain language, which is court date. Right, so what does that mean? Does it mean the day all day long, or does it have a meaning other than that? For example, whenever anybody gets a summons to appear, or they are issued a citation, there is more than simply a date. There's always an appointed time. That's really kind of the way it's always been operated in civil and criminal matters. So the question is, has the court set a date when it gives this particular date and time to appear? Yes. In our interpretation, the term court date means the day it is scheduled. In this case, September 20, 2011. But not a time. Not for this provision. It doesn't indicate the word time. The state is asking this court to read in a time provision that does not exist. Well, I don't, I mean, your interpretation is that for any court date set by the court does not include a time frame. It's just that day, whenever you want to show. It's good. Your Honor, I don't, here's why I think this is actually a reasonable interpretation. Because there are other consequences. There are speedy trial consequences, and as Justin Gort noticed, there are other consequences such as even the court's ability to send witnesses home or to allow the state to send its witnesses home. This is, it's not okay in the sense of a defendant has no consequences at all, but it's not within the meaning of this particular drastic, this sentence that provides a very drastic consequence. But we always had any delay occasioned by a defendant, which could have easily have encompassed the defendant who shows up late. This defendant showed up late three times where three different bond forfeitures were entered. So I think we always had the provision for any delay occasioned by a defendant, which would encompass the defendant who likes to show up whenever they want. So we already had that. And I think the legislature did something when they changed the language for any court date set by the court. Otherwise, this has no meaning at all. No, Your Honor. I think the legislature did something, too, and what it did is punish defendants who don't come at all. And that's what we have in Zacharoff. Well, they don't come on the day of the court date, but the guy or the woman that shows up the next date does get penalized. They both get penalized. In the two cases we have from the first district, both of those individuals came in the next day, right? No, almost, but no. Was one late? No, none were late. I thought they both showed up the next day. No, one showed up five days later, one showed up the next day. It doesn't really matter. Either way, they weren't there on the appointed day. Correct. They weren't there for the date at all. All right, now let's go back to something you said at the very beginning. Now, on the first date that she didn't appear on time, that was January 26th of 2011. There was a bond forfeiture entered that morning. Yes. Okay, and you said something about she didn't waive her demand or anything like that because there wasn't a demand running. Yes. That speaks to Issue A, Your Honor. All right, but there was a demand. She demanded trial as soon as she came into court, 9-28-10. She said, I'm demanding trial, and it was continued motion state, defendant demands trial. And in December, you're saying that the demand no longer existed? Your Honor, our position on Issue A would be that because on the previous date in December, because she had stayed the demand by requesting a by-agreement date. No, that wasn't a by-agreement date. Your Honor, December was a by-agreement date. Well, not according to the half sheet, the common law record. It says 12-16-10. The state needed that crash report, and it was continued motion state, 1-26-11 for discovery. Maybe we're talking about different dates, but I do have the record in front of me. And we have that first motion state for the first appearance, September 28th. And then we have, and that's continued to 12-16. And then on 12-16, it does say motion state, and it was because they didn't have the crash report. And then on the 26th of January, that's when the bond forfeiture was entered, and she didn't come back into court until March on that day. So I don't know how we could say that bond forfeiture and no one coming in for another month and a week or so, that, as Justice Gordon pointed out, that wasn't an initial waiver. Your Honor, what I would respond to that is I believe, if Your Honor looks at the transcript of proceedings, and the state has agreed with us on this point, that it was a by-agreement date on December 16th, 2010. We are speaking about the same date. So our position would be, and I don't have the record in front of me, but I believe according to my notes and the state's notes, that the transcript would indicate that that was a by-agreement date. So our position would be, based on that, that she had voluntarily suspended her speedy trial demand, that she couldn't then waive it the next date because it was not currently running. However, if this Court disagrees with us as to Issue A, that doesn't even factor into the analysis as to Issue B, because even if we lose all 81 of those days, we're still up to Day 158 by the time she appears late for court on September 20th, 2011. So if the clock doesn't reset on that day, then two days later she could have filed, or excuse me, not two days later because there was a delay attributable to her, but the next time she resumed her demand, she could have filed. So that's the key date. That's the key date. If we don't look at Issue A, the key date is still September 20th. Now, if we would accept your interpretation here, that would mean that every good defense lawyer will come in at the end of the day, see, when the state has already sent their witnesses home. Your Honor, if I may, as to the Speedy Trial Act, that would actually be a terrible strategy because that would be a constant delay attributable to the defendant. So that's not, unless the defense lawyer is simply trying to avoid trial altogether, which is a different issue than what we have here, then the defense lawyer would not be smart at all to wait that long and show up that late because that's a delay attributable to the defendant every time it happens. Then why is it not attributed here? It should be attributed here. It should be attributed a delay to Ms. Galloway under Subsection B of the Act. It should not be attributed as an entire waiver of those 158 days that it accumulated. And I would also point out. Well, why is that? Because she did not fail to appear on the court date because she came late, and that's different than any of the cases that the state has cited, any of the cases that anyone has addressed. She did appear. The state concedes she appeared. She appeared late. And the provision is, the provision, the statute that Justice McBride read, it does not contain a time provision. Obviously, if she were to continue her own demand, she would have to appear on time. But there's no indication that the legislature intended to punish equally severely defendants who show up late as defendants who do not come at all. But I think we have to go back to that prior language, that this, a defendant who shows up late, would fit into the previous delay occasioned by a defendant, and they changed that to add this new language, any failure to appear, not any. Any court date. Defendant's failure to appear for any court date set by the court. Yes. That ignores the language. Because a delay occasioned by the defendant always included this scenario that we have here. Sure. Someone who just shows up late. But you said there's no case that really has any bearing on this. Now, the state did cite a case, this Pieper v. Smith, and although it's a trial in absentia case. I would love to address that, Your Honor. All right. Let me, before you do that, point out that although it was a trial in absentia, the Supreme Court was considering whether or not the trial court abused its discretion when it began a trial in absentia at about 9.35 in the morning when the defendant was required to appear at 9. Now, the court said that in review that the trial judge had not abused his discretion in starting that trial in absentia at 9.35. So let me hear what your response is, because in that case they do consider about the court date and the significance of a time frame. Your Honor, there are three things I'd like to point out about that case. And the difference between the in absentia statute and the speedy trial act. The first is that the court in Smith and in Stubbs, which is the other case the state cites for this same proposition, they didn't actually ever interpret the meaning of failure to appear or court date. Court date doesn't appear in the in absentia statute. Failure to appear does. The difference is what the court was actually analyzing there is whether the state had met its burden of proving a willful absence. Because that's the big difference between the in absentia statute and the speedy trial act, is that the state, in order to go to trial in a defendant's absence, the state actually has to make a prima facie showing of willful absence. So don't you think that's a little stronger, a higher standard that the state had to meet, a willful failure to appear, as opposed to this language in the statute we have in front of us that just says a failure to appear? Well, it says a failure to appear for a court date. But yes, I do actually. I agree with you on that. So in the Smith case, the state had a greater burden, didn't they? I do. It's actually, yes, it's a protection. And I think that's actually a point in our favor. That's a protection for the defendant. And so the issue there is the state were not really. Here they had to establish less. Your Honor, I would disagree as to how this operates because in the in absentia context, the question in neither of those cases was did the defendant fail to appear because the question was did the defendant willfully absent herself from trial. And so there's more evidence in those cases about what happened. But part of the whole certainly is that you can't show up late, even 35 minutes, and expect that you have appeared for a court date set by the court. And I'll just reference some language the Supreme Court had in this particular decision. We reiterate that a defendant who has been released on bond, on bail, pending trial, has a duty to appear at the place and time designated for trial. Now they suggest that this is well-established legal principle, that you have to appear at the date and the time, not just the date. So they say that. So we're talking about well-established principle that the legislature is certainly informed of. Then they go on to say when a defendant breaches this duty and fails to appear. Now they've interpreted fails to appear as a time and a place. Notwithstanding that the defendant has been previously informed of the time and the date of trial and has been personally admonished by the trial court that a failure to appear could result in a trial in absentia, a very strong inference is raised that the defendant has elected not to appear. So how do you distinguish that language, which is certainly part of the decision-making process that went into Smith? Your Honor, because the issue in that case wasn't the defendant conceded she didn't appear. That wasn't really an issue. The issue in that case was just did she do it on purpose. And the court found yes, she didn't show up on purpose. And so all it was doing was analyzing did the trial court abuse its discretion, which is a different issue than what we have here, and specifically did it abuse its discretion in finding that the defendant intentionally didn't come to trial. But aren't they talking about what a failure to appear really means? Don't you have to have a failure to appear in order to have a trial in absentia? They certainly used that language. And yes, she didn't appear. Yes, but they weren't analyzing what failure to appear means. No, but they did say that when you're released on bond, you have a duty to appear at the place and time designated for trial. So I think that there's certainly a suggestion here that a failure to appear for any court date set by the court has some meaning. It's not simply you can come in any time that day and you're not going to relinquish your right. Your Honor, I think we're getting hung up on whether I absolutely agree with the court that the defendant has a duty to appear on time for trial. What I'm disagreeing about is the consequences of showing up late. And I don't think it would be fair to a defendant who, unlike a speedy in an absentia case, those defendants are admonished very thoroughly about the consequences of not showing up for trial. Defendants in the speedy trial context are not. They're not told that they're going to waive their entire, in this case, the 158 days at least that had accrued to this point. She's not told that showing up late, and she had a valid excuse. The state would not have been able to. I'm not saying, when I use the term valid excuse, I don't mean to suggest that the court should not have attributed the delay to her. It should have. But she had a reason. She didn't do it on purpose. And so unlike in an absentia case, the state could not have just gone to trial without her. It was a mistake on her part as to when her court date was. She went all the way out to Skokie and then had to come back. Did the two Illinois First District cases really distinguish between whether you have a good reason or no reason? No, and that's part of the – we don't disagree with those cases, but that's another way to distinguish it from in absentia. In the in absentia, that only applies to a defendant who is willfully absent herself, as opposed to the speedy trial case where the First District cases say willful absence doesn't matter at all. Does it matter in this case that on three separate occasions, she didn't appear for court at the time that she was supposed to appear? Your Honor, on eight separate occasions, the state was the one not ready for court when she was there on time, ready to go to trial. Okay, so if you look at the record and you say the state wasn't ready eight times, the first, as I pointed out, two court dates in, she didn't appear. And there was a five- or six-week delay. And then the case was continued motion state. And both sides were waiting for a crash report. Now, the first time that this case was actually set for trial was in July. And just before that trial date, the day before – now, I don't know if the complaining witness was notified or not – the day before, the defendant came in and asked to change the court date. Defense counsel did, yes, Your Honor. Yes. That's not one of the delays, obviously, that we're attributing to the state. No, I understand. But this case was in front of a number of different judges. But until the state completed their discovery, the complaining witness wasn't going to be notified to appear. Do you think? I don't have a disagreement with that. I mean, the record, if you read all the dates and all the continuances, the record really doesn't suggest that there was some delay going on by one side or the other. Your Honor, both sides certainly at times caused delays. But if you look at how many times the state was not ready for trial, when it only had two witnesses to call, I think that's not an analysis that is particularly relevant to the interpretation of the statute. But if this court is looking at the equities of the case, I don't think it should find. No, we're not. We're looking at whether to interpret the statute such that if you don't appear at the time and the place set for trial, and there's no debate that this was set for 9 o'clock in the morning, whether or not that means a failure to appear. Your Honor, I think an interpretation in which there are, if I may just say there are two significant problems with reading in a time limitation that's not in the statute. The first is that this court has consistently stated, and the Supreme Court, that the Speedy Trial Act must be, quote, liberally construed in favor of the defendant. So to the extent there's a confusion or any ambiguity about what this legislature meant when they said court date, it would not be appropriate to assume something that the legislature didn't say specifically. It didn't say time. Then I have to ask you again, does it matter that this particular defendant, on three separate occasions, did not appear for court when scheduled to? In fact, April 3rd was another date that was set for trial. Actually, it was set for, was it set for trial on April 3rd? No, it was not, Your Honor. It was set for a hearing on the defendant's motion to dismiss. Well, actually, let me correct you, because, again, I have the record in front of me. February 23rd, it says defendant ready, the state not ready. Defendant demands trial with, meaning with subpoenas for trial. Motion states April 3rd at 1 p.m. So it was continued later, with, for, bench. So what happened was, on March 27th, defendant's attorney filed the motion to dismiss, the initial motion to dismiss, based on speedy trial grounds. And on April 3rd, we have the third bond forfeiture warrant being entered, because she didn't appear on April 3rd, and it was set for trial that day. Now, I think that reading of the record is accurate. Your Honor, she did appear on April 3rd. She appeared late, and the court quashed and recalled the warrant. So it was not actually issued. Yes, but she did fail to appear again for trial, April 3rd. Your Honor, I don't contest. She did not do a good job coming on time. There's one date she actually didn't appear, and there are two dates she was late. She is, she has a suspended license. She's taking public transportation. She's a single mother with a severely disabled child. She didn't do a good job coming on time. Counsel, I'd like to refer you to the 20th of September, which you said is the key date, correct? Yes, Your Honor. All right. On that occasion, the court called the case once, twice, three times, and the defendant wasn't present, correct? Your Honor, the court on the ---- My question is, it was called the first time. She wasn't present in court. I agree. Second time it was called, she wasn't present in court. I agree. Third time it was called, she wasn't present in court. I think the transcript is a little bit unclear if it was the third or if she showed up. Well, ultimately it got called four times, and then she was in court on the fourth occasion when the court called the case. Yes. All right. And then that's when she gave the excuse about that she went to Skokie. Yes. Okay. All right. And at that point in time, it was already late in the day with regards to the trial call, okay? All right. And then there was a request for a continuance. So using your definition of what a delay is and what a delay affects, wasn't her actions contributable to a delay to the next day? For sure. Yes, Your Honor. She delayed the case, and her demand should have been suspended, and it was. The state did not. What we're arguing is that it shouldn't have been waived. But absolutely that was her delay. Why shouldn't it have been waived? Because she showed up on that date, and the state did not. And that speaks to Your Honor's question also. The state did not request a waiver of the clock. The state sprung this on Ms. Galloway six months later. At that date, the state requested a continuance, and it was considered a delay attributable to Ms. Galloway, but not a resetting of the clock. The state did not bring up this argument at all until six months later, after Ms. Galloway's counsel had finally filed a motion to dismiss based on a speedy trial violation. Well, why would they bring it up? I mean, there's no obligation on their part to bring up a speedy trial issue. But the fact of the matter is that she didn't appear that day. And really, I think the issue is, are we going to hold her to being required to appear at a date and time set by the court, or just any time that she preferred? Your Honor, I think this court can hold her responsible to have a duty to show up on time by enforcing the delay provision of the Speedy Trial Act and allowing the court to manage its judicial docket by, if appropriate, continuing the case and issuing a forfeiture warrant. Those are three options which can enforce the need for a defendant to show up on time without resetting the clock. All right. We'll allow you some time for rebuttal. Let me ask just one question. A defendant waives a speedy trial demand by failing to appear for any court date set by the court. And your argument is that any court date doesn't mean the time. And the question really for us to resolve is, when it says any court date, does that mean a time? Isn't that what we're dealing with simply here? Pretty simply, yes, Your Honor. And the legislature in other areas has included the phrase court date and time. It didn't do so here. Okay. Thank you. Thank you. All right. We'll reserve some time for you for rebuttal. Good morning. Good morning, Your Honor. Good morning. Is this your first time appearing? This is my very first time. Well, welcome. Thank you, Your Honor. We'll try to be nice to you. Thank you, Your Honor. I appreciate it. Maybe we'll try to be nice to you. May it please the Court. My name is Katrina Alexopolis, and I represent the people of the State of Illinois. On February 19th of 2010, defendant, while driving on a suspended license, improperly veered left of the center roadway and collided with another vehicle. She then left the police station without leaving her information to the police officers or to the complaining witness. Following a bench trial, she was convicted of several traffic violations. Defendant is now contending, although she failed to appear in court on three separate occasions, that her speedy trial rights were violated. Defendant first contends that her trial counsel was ineffective because he essentially did not include in his calculation the time between September 28th, 2010, when defendant first demanded trial, and January 26th, 2011. On January 26th, 2011, was the first date when defendant failed to appear in court, thus waiving her previous demand for trial. Defendant did not appear in court until a month and a half later, on March 8th of 2011, when she filed another written demand for trial. Now, defendant's trial counsel properly did not include that time period in his calculation, because Section 103-5B of the Speedy Trial Act is clear that a defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial. Counsel, when a defendant is out on bond, do they have to continue demanding trial each and every occasion that they appear in court? I believe they do there, yes. So do you agree with counsel's interpretation that for that first date that she failed to appear in January, that there was no demand running? No, Your Honor. Well, do you believe the record suggests there was a by-agreement date the time before? The half-sheet mentions that it is a motion state date, Your Honor. However, the words motion state do not appear in the record itself. But that... Well, who asked for a continuance that day? The state did that day. However, Your Honor, that whether it was motion state or whether it was by-agreement is irrelevant, because the continuance... Section 103-5B is clear that defendant's failure to appear for any court date set by the court operates to waive. The statute does not distinguish between by-agreement dates, motion state dates... Well, it doesn't distinguish between status or trial dates either, does it? Correct, Your Honor. And as there's no case law supporting the defendant's proposition in this matter, we urge the court to look at the plain language of the statute, and that it says that it was for any court date, whether that was by-agreement, motion state... Would the legislature have included this suggestion of Ms. Moran, that it be date and time? Your Honor, as to defendant's second point for date and time, now we're referring to the September 20th date where the defendant failed to appear. As to that date, the legislature did not include time. However, we do have those other two cases, People v. Smith and People v. Stubbs, where the Illinois Supreme Court in People v. Smith held that when the defendant was only half an hour late to court, the trial court was proper in proceeding in his trial in absentia. Well, there was a different standard of review in that case. They were viewing it for abuse of discretion, like here where, would you agree, we're looking at this de novo because it's the interpretation of the statute and its language? Because it is in a statutory interpretation, we would agree that it is de novo in this matter. So you're telling us when it says in the statute any court date, that means the time also. Isn't that what you're telling us? Yes, Your Honor. The time is of the essence. A defendant cannot show up after the morning court call has concluded and the afternoon court call has begun and expect that her case is going to be called and that the witnesses were going to wait around for her. In fact, in People v. Minor and People v. Zakharovskis, we do have a very similar situation. In People v. Minor, it was the day later that the defendant showed up. In People v. Zakharovskis, it was five days later. But in all of those cases, the defendant did not show up, a bond forfeiture was issued, and they eventually showed up. The defendant attempts to distinguish these cases by arguing that the defendant was merely late in this case, however. Well, should we have a clear line so that individuals that have to appear know that if the court has to take the action of entering a bond forfeiture warrant, that that's a failure to appear, which results in a waiver of the individual's right to have speedy trial demand merely suspended? Your Honor, at minimum, the line must be drawn where the people are ready, their witnesses are available for trial, and they've been dismissed and the court call has concluded and the defendant has not shown up, a bond forfeiture has been issued. Well, in this case, unless the bond forfeiture was entered, and then she shows up, then there's a request to vacate the bond forfeiture. Was there an objection raised by the State at that time? No, Your Honor. But in People v. Minor, the exact same thing happened. A bond forfeiture warrant was entered, and it was quashed and recalled the very next day. Well, in this case, on three separate occasions, the court was required to enter a bond forfeiture. Correct. And in this first case of, I don't want to get the name wrong, not Minor, the other one. Zuckerofskis. Yes. In that case, the court, well, I think Justice Gordon and I were on that decision with Justice Cahill, but in that decision, we did talk about the notion of a bond forfeiture incident or whatever being issued, that that has a significant meaning in terms of the change of the language in the statute in 2000. Did we not? A bond forfeiture warrant being entered by a judge is helpful in determining whether a defendant failed to appear, and a judge should take that into consideration. It would not be the only determinative factor in this matter, because in this case, even if the judge had not issued a bond forfeiture warrant, the people's witnesses were there and ready to go. The people were ready to proceed to trial, and the defendant did not show up. Well, so you're saying we should look at other things? I mean, a failure to appear is what we need to be focusing on, and whether a bond forfeiture has to be entered in a courtroom, I think, is a way to perhaps have a line drawn about the meaning of any court date set by the court. Yes, Your Honor. I agree with that. I agree that a bond forfeiture warrant is indicative that a defendant failed to appear. Well, what about counsel's suggestion that the first bond forfeiture warrant didn't operate as any waiver because there wasn't a demand from it? Again, Your Honor, I would point to the language of Section 103-5B for that question. It's defendant's failure to appear for any court date, and because there was a continuance before then, it doesn't matter. The statute does not distinguish between by agreement dates, motion state dates, or motion defendant dates. So the defendant did waive her demand on January 26th when she failed to appear, and counsel does not contest that defendant failed to appear on January 26th of 2011. Do you agree that any court date means the time? Yes, Your Honor. I believe time is important, and it should be included when reading the statute. And we get that support from People v. Smith and People v. Stubbs. The Illinois Supreme Court, the trial in absentia in People v. Smith, that was only half an hour later, and the court still proceeded. In People v. Stubbs, it was a motion to suppress, and the defendant was supposed to be there. 930 a.m., the court heard the motion. Defendant didn't appear until a little bit after 11. And this court found that the defendant failed to appear and also noted that to allow defendant to stop the trial proceedings by virtue of his voluntary absence would enable him to profit from his own non-pleasance. Thus, Your Honors, both the time and date are critical in determining whether defendant failed to appear. And in this case, the trial court made it clear that there was both a morning call and an afternoon call at 1 p.m. It would be unjust to make the people's witnesses and everybody wait until the afternoon to force a completely separate court call for the defendant to show up. Well, counsel is arguing that there should be some sort of an in-between situation where this should be more or less a suspension of the term as opposed to an absolute relinquishment and the term beginning anew. And counsel cites the general notion, or principle rather, that we should interpret the speedy trial statute and the constitutional right so that it is interpreted broadly in order to effectuate its purpose and in favor of the defendant. What is your response to that? Your Honor, if this court were to agree with the defendant in this matter, it would not be liberally constraining the statute. It would essentially be allowing defendants the opportunity to completely circumvent the repercussions that this legislature specifically added in their 2000 amendment to 103-5B. Originally, the amendment was Section 103-5F, which allowed for the defendant's time to toll for any other causes of delay that could be attributable to the defendant. In this situation in 2000, the legislature specifically added Section 103-5B for a reason, because they wanted to have a different repercussion, a more severe repercussion, for defendants who failed to appear. Would it be a better argument to say that if we liberally construed the statute, that's one thing, but that would be an unreasonable interpretation, and a liberal interpretation? Yes, Your Honor. It would be unreasonable to allow the defendant to circumvent the Section 103-5B by completely showing up for a different court call. Well, they define a delay as something that occasions the trial to go on to the next date. I'm sorry, Your Honor. Could you repeat that? The defense says that a delay here we should look at in terms of what is a delay, and a delay is something that causes the trial to go on to the next date. Correct, Your Honor. So then how would you request that we look at the word delay in terms of delay in regards to the trial? How would you define it? Your Honor, even if you were to take the defendant's interpretation of delay, in this case it would still go to our favor, because the trial court was forced to push the trial back. It doesn't matter that it was a few hours later. The trial court could not proceed with the trial during the court call. A delay occasioned by the defendant, a delay in general would be where the trial cannot proceed. So on the 20th of September, was the State still ready when the defendant finally appeared in court? No, Your Honor. The State was not ready. The witnesses had been dismissed in the afternoon, and this was the fourth time the case was called was in the afternoon. And were the witnesses dismissed by the court or by the State? The record is silent as to that, Your Honor, as to who actually dismissed the witnesses. Does it matter? It should not matter, Your Honor, for this. Well, that was, according to the State even, the very end of the term, and they asked for an extension of the term. Did they not? Correct, Your Honor, they did. The counsel is suggesting that when you requested this extra time on the term, that you were acknowledging that you were at the very end of the term. Your Honor, what the State did at that moment is irrelevant to the issue that we have before us today. And, in fact, the State made the argument that we are making today down below when the trial court heard the motion to dismiss, and they made this exact same argument. The State, when they made the 21-day extension, did not thoroughly look at what happened on September 20th and did not make the correct argument then. They did make it during the motion to dismiss. Is there anything further you would like to add at this time? Not at this time, Your Honor. We just ask that defendants' fetus trial rights were not violated, and we ask that this Court affirm defendants' convictions. Thank you. Thank you. Ms. Moran. Ms. Moran. I've got a question for you. How would you write a bright-line rule in this case? How would you do that? What would you say? Your Honor, as to when a defendant has failed to appear? Yes. If the courtroom is no longer taking cases, if the judge is off the bench for the day, she has failed to appear. All right. And that's not based on any case you've cited? Your Honor, it's based on the statute, which references a court date and the dictionary definition of the word date and court date. But haven't you done something that we can't do under ordinary principles of statutory construction, and that is add conditions, exceptions, whatever? Haven't you done that now? Far from it, Your Honor. That's actually what the State is asking this Court to do, add a limitation that is not in the statute. In People v. Minor, which was decided by this Court in the context of the Speedy Trial Act, in which this Court has referenced a few times during argument today, in Minor this Court reiterated the basic principle of construction that courts will not read into statutes, and specifically the Speedy Trial Act, a limitation that is not contained in the language of the statute. Aren't you giving the defendant then control over all court proceedings by this bright line that you've come up with? You're basically putting it into a defendant's hands and saying, as long as you show up, any time that court is still in session, we're not going to hold you accountable and you haven't relinquished the right of your speedy trial that day? Not at all, Your Honor, and that's exactly what I wanted to respond to. The State's contention that, for example,  you can't ask the defendant to profit from her own nonfeasance, that's not what we're asking the court to do. And if I can just say that clearly one more time, there are consequences and we are accepting those consequences. The consequence is a delay, as Justice Reyes has asked several questions about. It's a delay attributable to the defendant. It tolls the Speedy Trial Act, but it does not reset the clock. She should show up on time, she has a duty to do that, but the consequences are different. If she comes to court late, then she just blows off the court date completely. Isn't it better to have a clear, bright line, actually that we've kind of already stated in Zarkowskis, and that is if you don't appear and the court has to take the extraordinary measure of entering a bond forfeiture warrant, that that's when you fail to appear? No, that's not as clear a line as I think this court is indicating or hoping. For example, in this case, and in multiple cases, this is a routine practice where a court suggests it's going to issue a bond forfeiture warrant and then an hour later it quashes or recalls the warrant. It's not clear whether the warrant was actually issued or whether the court just said it was going to. That's what we have on April 3, 2012. You agree, though, that if the court enters a bond forfeiture warrant, it doesn't have to recall it. I mean, it doesn't. If somebody shows up late, the court doesn't have to say, I'm going to vacate the bond forfeiture. Routinely they do, but occasionally they don't because you have a defendant who decides to appear when and how and what time that she or he wants. And then we're in a situation where we're litigating the issue of whether the court abused its discretion in issuing or refusing to vacate a forfeiture warrant. So that's actually not a clear line. The clearest line is, did she come to court that day? If she came to court, yes. She may still have caused a delay, but she didn't invoke that drastic provision of the Speedy Trial Act. That's a very clear line. I think we appreciate everything you've argued. I don't know that we could write a decision with the language that you've suggested if a defendant decides to appear at any time that day, then the statute has been honored and there will be no waiver. But in any event, if there are no further questions by the other justices, thank you. We thank both lawyers today for their arguments.